UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | **Crim. No. 3:05cr207 (JBA)** |
| | : | |
| GONCALO RODRIGUES | : | |

### Ruling on Defendant's Motion for Reconsideration [Doc. # 44]

Defendant moves for reconsideration of this Court's Ruling, United States v. Rodrigues, No. 3:05cr207 (JBA), 2006 WL 1525948 (D. Conn. May 31, 2006), [Doc. # 43], denying his motion to dismiss the indictment against him.  Def. Mot. for Recon. [Doc. # 44].  For the following reasons his motion will be denied.

### I.   Background

Defendant was indicted for illegal reentry by a removed alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and § 1326(b)(2).  He moved to dismiss the indictment under 8 U.S.C. § 1326(d), arguing that he was denied judicial review of his underlying removal proceedings due to ineffective assistance of counsel during the immigration proceedings.  The Court held that his immigration attorney had not rendered constitutionally deficient assistance, and therefore defendant was not entitled to dismissal of the indictment. Rodrigues, 2006 WL 1525948, at * 6.  In a footnote, the Court also rejected defendant's argument that the indictment should be dismissed due to violation of his right to consular notification

1

under the Vienna Convention.  <u>Id.</u> at *6, n. 8.

## II.  Standard

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc</u>., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  Reconsideration is appropriate only "if there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice."  <u>United States v. Sanchez</u>, 35 F.3d 673, 677 (2d Cir. 1994) (citations omitted).

## III. Discussion

### A.  <u>**Matter of Soriano**</u>

Rodrigues argues that the Court failed to consider his contention that the Immigration Judge and Bureau of Immigration Appeals ("BIA") denied him judicial review by erroneously holding, based on <u>Matter of Soriano</u>, 21 I.&N. Dec. 516 (BIA 1996), that he was ineligible for § 212(c) relief from deportation.  The Court addressed this argument on pages 14-15 of its Ruling, distinguishing cases where petitioners were erroneously advised that they had no appeal rights as to <u>Soriano</u> determinations, because in this case Rodrigues reserved his right

to appeal the Immigration Judge's determination, and Attorney Santos in fact filed an appeal before the BIA, and the Court credited Santos' testimony that, had Rodrigues paid for further legal work, Santos was prepared to file a petition for review in the Second Circuit and/or a habeas petition.  The Government conceded and the Court recognized on page 6 of its Ruling that Matter of Soriano was overruled by the Second Circuit and the United States Supreme Court.  INS v. St. Cyr, 533 U.S. 289 (2001); St. Cyr v. INS, 229 F.3d 406 (2d Cir. 2000).  The issue, however, was not whether the BIA erred in applying Matter of Soriano – which was undisputed - but whether Attorney Santos was ineffective in failing to file a further appeal on Rodrigues' behalf addressing the issue.  The Court found that Santos was not ineffective in not pursuing an appeal because Rodrigues never communicated with Santos after discussing his disputed account status with Attorney Fitzgerald, and never made any arrangements to pay Santos or other counsel for such work.  These issues were fully addressed in the Court's previous Ruling, and do not merit reconsideration.

       **B.**    **Edwards v. INS and United States v. Lopez**

In Edwards v. INS, 393 F.3d 299 (2d Cir. 2004), the Court of Appeals held that aliens who were otherwise eligible for § 212(c) relief were entitled to bring habeas petitions seeking nunc pro tunc relief even after serving more than five years in prison,

3

the limit for § 212(c) eligibility.  Because it has no bearing on the facts of the present case, it is not a basis for reconsideration.

On page 14 of the Ruling, the Court distinguished United States v. Lopez, 435 F.3d 90 (2d Cir. 2006), on which Rodrigues relies, because that involved a pro se petitioner who was denied the opportunity for judicial review because the IJ and BIA affirmatively misled him by telling him he was ineligible for relief and failed to inform him of availability of habeas relief under St. Cyr.  Again, the issue relevant to Rodrigues' motion to dismiss was whether Attorney Santos was ineffective for failing to appeal or otherwise obtain judicial review of the BIA's removal decision, not whether the BIA or the IJ erred.

For the same reason, the Court denies the request to reconsider defendant's argument that the INS denied Rodrigues' right to judicial review.  As noted on page 2 of the Ruling, the Government conceded that if Attorney Santos were found constitutionally ineffective, Rodrigues' right to judicial review was violated and the indictment would be dismissed.  Thus there was no need for the Court to address the issue beyond noting the Government's concession.

### C.  Consular Notification

On page 16, footnote 8, the Court addressed and rejected Rodrigues' consular notification argument, and defendant is

4

incorrect in arguing that the Court overlooked the issue.
Defendant failed to brief it, despite being given an opportunity,
and even if the Court were to reconsider, it is bound by the
holding in United States v. De La Pava, 268 F.3d 157, 165 (2d
Cir. 2001), that quashing an indictment is not the proper remedy
for a consular notification violation.

### D.   Rules of Professional Conduct

The Court credited Attorney Santos' testimony that Attorney
Fitzgerald, rather than he, was responsible for Rodrigues' client
account with the firm.  Moreover, other than Rodrigues'
recollection of his financial status with respect to his various
lawsuits, which was extremely imprecise, there was no other
evidence offered on this issue.  Given this record, the Court
will not consider Rodrigues' argument (raised for the first time
here) that Santos violated the Rules of Professional
Responsibility with respect to client billing, nor will it
consider whether that argument, if successful, would warrant
dismissal of the indictment.

### E.   Equity

Finally, defendant argues that reconsideration is warranted
by "fundamental fairness" and that "[t]here will be no seismic
result to the Edifice of Justice!" if the Court dismisses the
indictment in this case.  Mot. for Recon. at ¶¶ 12-13. While the
Court is fully mindful of the personal consequences for defendant

and his family of denial of the motion to dismiss, these circumstances are not a proper basis for reconsideration.  The Court appropriately applied the test under 8 U.S.C. § 1326(d), and the Sixth Amendment's standards for effective assistance of counsel.  Defendant points to no overlooked controlling legal authority or newly discovered evidence warranting reconsideration.

**IV.  Conclusion**

Accordingly, defendant's motion for reconsideration [Doc. # 44] is DENIED.

IT IS SO ORDERED.

/s/
_____
JANET BOND ARTERTON
United States District Judge

**Dated at New Haven, Connecticut, this 15th day of June, 2006.**